Barker, J.
Prior to the commencement of this action two several judgments were recovered in this court against the plaintiff herein in favor of the defendants, Lochte and Engle, respectively. They were docketed in the Monroe county clerk’s office and became liens on the plaintiff’s real estate. Executions were issued thereon to the sheriff of Monroe county, who, by virtue thereof, sold the plaintiff’s real estate. The defendant Whiting was the purchaser, *856 and certificates of sale were issued to him in the usual form. In that action the nlaintiff herein was personally served with the summons and complaint. He also appeared in such action by an attorney, but made no answer to the complaint.
In this action the plaintiff seeks to restrain the defendants from enforcing and collecting the said judgments, and to set aside the sale of his real estate, and to vacate and annul the certificates issued by the sheriff to the defendant Whiting. The complaint does not allege, nor did the court find, that any fraud was perpetrated upon the court or the plaintiff, in the commencement or prosecution of the action in which the judgment was rendered.
The evidence fails to establish eithér fraud or mistake in any form. The parties to the former action were co-partners, and the object of the suit was to dissolve the co-partnership and to secure a final accounting of their dealings and transactions as partners.
The complaint herein charged irregularities in procedure in that action, and it was established on the trial, by proper proof, that they were of such character that injustice may have been done to the plaintiff herein. The nature of such irregularities need not be here stated in detail, as they were such as might have been corrected on motion in thi-t action, and, as the records of this court show, were, in fact, corrected on the plaintiff’s motion by vacating and setting aside both of the judgments.
The complaint was properly dismissed for the reason no sufficient ground for relief was stated in the complaint or proved on the trial. Where a court having jurisdiction of the subject matter and the parties pronounce judgment upon insufficient or illegal evidence, or mistake the evidence or the law, or irregularity in procedure occurs, the only remedy of any person aggrieved by the judgment is by an appeal therefrom, or by a motion in the action in which it was rendered.
So far as the purpose of the action was to secure an accounting between the co-partners, the former suit constituted a complete bar, for in this respect the object of this action is identical with that in every respect.
On the hearing of the appeal the respondent Beatzel consented in writing that the judgment in his favor for $58.53-costs, might be reversed, without costs against him.
The judgment for costs in favor of Beatzel is reversed, without costs, and in all other respects the judgment is affirmed, with costs of this appeal.
Smith, P. J.. Haight and Bradley, JJ„, concur